## HAYS vs. HAYS.

WESTERN DIS.
September,1841.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF ST.

MARTIN, THE JUDGE THEREOF PRESIDING.

HAYS
vs.
HAYS.

The lower one of two adjacent estates, owes a servitude to the upper one, of allowing the waters to pass off from the latter through the natural drains over the land of the former.

If the proprietor of the lower estate obstructs the natural flow of the waters of the upper estate he will be compelled to remove such obstructions at his cost.

This is an action instituted by Elizabeth Hays, the proprietor of the upper estate, to compel David Hays, the owner of the estate below her, to remove certain obstructions made by cutting ditches on his land, which dam up and prevent the waters from running off her estate, through the natural drains and channels over the back part of his land into the marsh or swamp in the rear. She alleges the defendant has caused her damage in the deterioration of her land and injury to her crops of $1000, for which she prays judgment, and that the defendant be compelled to remove the obstruction and allow her the servitude she claims.

The defendant pleaded the general issue ; and averred that the ditches he made, so far from injuring were a benefit to plaintiff's land, &c.

The evidence showed that the natural drains from the plaintiff's plantation is over the defendant's ; and that the latter cut a ditch across the natural drain which stopped the waters from running off, and caused them to overflow the plaintiff. Previously to making this ditch the waters passed off freely through the natural drain.

There was judgment requiring the defendant to remove the obstructions complained of and he appealed.

*Voorhies*, for the plaintiff.

*Morse*, contra.

*Morphy, J.* delivered the opinion of the court.

HAYS
*vs.*
HAYS.

The petition sets forth that plaintiff is the owner of a plantation of three and a half arpents front by forty in depth, adjacent to and lying above a tract of land owned and possessed by the defendant. That from the situation of these tracts of land; the one belonging to the defendant being below, owes to the other owned by plaintiff, a servitude to receive all the waters which run naturally from it; and which are drained into the marsh or swamp beyond or below the tract of defendant; that the land of the plaintiff has always been drained in the manner described, that is to say, by natural drains conveying the waters from it through the land of defendant to the sea marsh; that without any legal right so to do, the defendant has obstructed and altered the natural course of said waters by digging and making or causing to be made a large ditch across the same, which runs parallel with the dividing line between the two estates, and thereby causes the plaintiff's plantation to be inundated whenever it rains an unusual length of time; that owing to the large mass of waters thus thrown on the land of plaintiff it necessarily becomes much depreciated by being rendered useless and unfit for cultivation. The petition concludes with a prayer that defendant be ordered to remove this obstruction to the natural drains of the plaintiff's land; and moreover be decreed to pay a thousand dollars in damages. The defendant avers that he has cut a ditch on his own land which he had a right to do; that said ditch far from injuring the plaintiff has aided in draining her land; that plaintiff has offered to assist in cutting said ditch provided it should be common to both, and that his land owes no servitude to that of plaintiff but what he has always been willing to allow. The inferior court ordered a survey of the premises to be made and after hearing the cause decreed the removal of the obstruction complained of, but allowed no damages. The defendant appealed.

The evidence in our opinion sustains the judgment rendered in this case. It shows the relative position of the two tracts and the illegal act of defendant in obstructing the natural drains of plaintiff's land, but the latter complains that she did not obtain below, the damages she was entitled to and prays that the judgment be amended accordingly. We have examined the record on this head and find in it nothing which could justify the allowance of any damages. One witness who speaks of the injurious effects of this ditch, says that he knows of no pecuniary loss sustained by the plaintiff; that her husband is a wheelwright by trade, and that their children commonly cultivate a field of only four or five arpents; the same witness says, it is true, that plaintiff's land is worth about $525, and that its value is diminished about one-fourth in consequence of the *rippling* of the waters, but he adds that in the event of the waters being restored to their natural channel, the land would immediately recover its former value. No evidence is to be found of any real loss sustained by the appellee.

It is therefore ordered and decreed that the judgment of the District Court be affirmed with costs.

The lower one of two adjacent estates, owes a servitude to the upper one of allowing the waters to pass off from the latter through the natural drains over the land of the former.

If the proprietor of the lower estate obstructs the natural flow of the waters of the upper estate he will be compelled to remove such obstructions at his cost.